IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIE L. GLENN (as Personal Representative of the Estate of Lester Zachary), and KAREN ZACHARY (Individually, and As Next Friend of Lester Zachary), | * * * | |
| Plaintiffs, | * | CASE NO. 4:07-CV-52 (CDL) |
| vs. | * | |
| CITY OF COLUMBUS, GEORGIA/ CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA, *et al.*, | * * | |
| Defendants. | * | |

O R D E R

The Court previously denied summary judgment as to the following claims:

1. Plaintiffs' § 1983 claims against Columbus for excessive force.

2. Plaintiffs' § 1983 individual capacity claims against Bolen, Coats, Hudson and Touchberry for excessive force.

3. Plaintiffs' assault and battery claims against Coats, Hudson and Touchberry.

4. Plaintiffs' intentional infliction of emotional distress claims against Coats, Hudson and Touchberry.

The Eleventh Circuit Court of Appeals reversed the Court's denial of qualified immunity to Defendants Bolen, Coats, Hudson and Touchberry on Plaintiffs' § 1983 excessive force claims. The Court of Appeals did not expressly decide whether the remaining claims should proceed

to trial, but Defendants contend that they are entitled to judgment as a matter of law on the remaining claims in light of the Eleventh Circuit's qualified immunity opinion. For the reasons set forth below, the Court agrees.

DISCUSSION

The Court previously found genuine issues of material fact on Plaintiffs' § 1983 excessive force claim against Columbus because the Court concluded that jury questions existed on (1) whether the officers used deadly force when they deployed a beanbag munition against Lester Zachary and (2) whether the officers had probable cause to use deadly force. *Glenn v. City of Columbus, Ga.*, No. 4:07-CV-52 (CDL), 2008 WL 5115032, at *12-*13 (M.D. Ga. Dec. 2, 2008) [hereinafter District Ct. Order]. The Court further concluded that Columbus could be held liable for the officers' acts because the Court found that a jury could conclude that Columbus's "Less Lethal Munitions" training disregarded a risk of serious harm. *Id.* at *14.

In its qualified immunity decision, the Eleventh Circuit concluded that, in this case, the beanbag munition was not deadly force; instead, it "lies in the unwashed middle somewhere between deadly force and the use of a Taser gun." *Glenn v. City of Columbus, Ga.*, No. 09-11078, 2010 WL 1558721, at *5 (Apr. 20, 2010) (per curiam) [hereinafter 11th Cir. Op.]. The Eleventh Circuit further concluded that the use of force was reasonable under the

circumstances because the officers "used force to prevent threatened harm to a child," against Mr. Zachary himself, or against Mr. Zachary's companion, noting that "the officers reasonably believed on the basis of the [Mr. Zachary's] threats that he was equipped to commit and had contemplated homicide as well as suicide." *Id.* The Eleventh Circuit also noted that although "the officers received some information that may have mitigated Zachary's threats to shoot himself or the police, the officers also received substantial corroboration that the situation was fraught with grave danger that Zachary would use deadly force." *Id.* at 6. Finally, the Eleventh Circuit found that Defendant Bolen, who created the Columbus policy on using the beanbag munition, was entitled to qualified immunity on Plaintiffs' excessive force claims based on creation of that policy. *Id.* at 7.

Although this Court finds the holding and rationale of the Court of Appeals to be remarkably charitable to law enforcement officers who used deadly force against an unarmed man under dubious circumstances, the Court of Appeals's holding and rationale lead to the inescapable, albeit perhaps puzzling, result that if the Court of Appeals had to decide the remaining claims in this case, it would find that they fail as a matter of law. Duty bound to follow the dictates of the Court of Appeals, the Court therefore finds in favor of Defendants on the remaining claims for the following reasons.

3

First, regarding the federal law claims against the City of Columbus, although the holding of the Eleventh Circuit's opinion focused upon the qualified immunity issue, the opinion suggests in much broader terms that the Eleventh Circuit found the use of force was reasonable under the circumstances and, therefore, no constitutional violation occurred. Second, the Eleventh Circuit's opinion contemplates that, even if a constitutional violation occurred, the beanbag munition policy cannot be a basis for municipal liability because the Eleventh Circuit concluded that the policymaker was entitled to qualified immunity on Plaintiffs' claims against him, suggesting that the training could not amount to a deliberate indifference to the rights of persons with whom the officers using the beanbag munition come into contact.

As to Plaintiffs' state law claims, this Court concluded that a jury could conclude that the individual Defendants "acted in a wilful or wanton manner; with actual malice; or with the actual intent to cause injury." District Ct. Order, 2008 WL 5115032, at *19. This conclusion was based on the Court's determination that a jury could find that the officers used deadly force even though deadly force was not authorized under the circumstances. However, as discussed above, the Eleventh Circuit concluded that the force used was reasonable under the circumstances, so this Court must now find that Plaintiffs cannot establish their state law claims because Defendants are

4

entitled to official immunity. Thus, Plaintiffs' state law claims fail.

CONCLUSION

For the reasons set forth above, the Court concludes that, in light of the Eleventh Circuit's qualified immunity decision, Defendants are entitled to summary judgment as to all of Plaintiffs' remaining claims. Accordingly, summary judgment is hereby entered in favor of Defendants.

IT IS SO ORDERED, this 23rd day of June, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE