IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION

WILLIE L. GLENN (as Personal        *
Representative of the Estate of
Lester Zachary), and KAREN          *
ZACHARY (Individually, and As
Next Friend of Lester Zachary),     *

    Plaintiffs,                     *        CASE NO. 4:07-CV-52 (CDL)

vs.                                 *

CITY OF COLUMBUS, GEORGIA/          *
CONSOLIDATED GOVERNMENT OF
COLUMBUS, GEORGIA, *et al.*,        *

    Defendants.                     *

                              O R D E R

Presently pending before the Court is Plaintiff Karen Zachary's Motion for Leave to Appeal In Forma Pauperis (ECF No. 84). For the reasons set forth below, Zachary's motion is granted.

Under 28 U.S.C. § 1915, the Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to

proceed [in forma pauperis]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

Zachary is requesting permission to proceed in forma pauperis for purposes of appealing the Court's June 23, 2010 order granting summary judgment as to all of Plaintiffs' remaining claims (ECF No. 81). The Court had previously denied summary judgment as to certain of Plaintiffs' claims but reconsidered that ruling in light of an opinion issued by the Court of Appeals, which reversed the Court's denial of qualified immunity as to certain Defendants.

In support of her motion, Zachary submitted an affidavit. Mot. for Permission to Appeal In Forma Pauperis & Aff., July 20, 2010, ECF No. 84 [hereinafter Zachary Aff.]. The Court must satisfy itself that "the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1307. An affidavit "will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Id.* Zachary's motion for leave to proceed in forma pauperis was on a form provided by the Court of Appeals. *See generally* Zachary Aff. In the affidavit, Zachary swore that "because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them." *Id.* at 1. Zachary completed the form, answering questions regarding her income and expenses. Zachary stated that she had been unemployed for

more than twelve months and that her total income—from unemployment payments, retirement or insurance income, and food stamps—is $1,305 per month. *Id.* at 1, 4. The only other assets Zachary listed were $200 in cash or bank accounts and a vehicle. *Id.* at 2. Zachary further stated that her daughter and two young grandchildren live with her and rely on her for support, and Zachary itemized monthly expenses totaling $1,417. *Id.* at 3-4. Based on the affidavit, the Court is satisfied that Zachary satisfies the poverty requirement.

Where, as here, an in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the Court must ask whether the appeal is taken in good faith. If the asserted claim is frivolous, then the appeal is not taken in good faith. *E.g., Verdi v. Kirby*, Civil Action No. 5:06-CV-408-HL, 2009 WL 537496, at *1 (M.D. Ga. Mar. 2, 2009); *see also* 28 U.S.C. s 1915(a)(3) (stating appeal may not be taken in forma pauperis if it is not taken in good faith); *id.* § 1915(e)(2)(B) (stating that the court shall dismiss a case if the court determines that the appeal is frivolous). To determine whether an in forma pauperis appeal is frivolous, the Court must determine "whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (internal quotation marks omitted).

Zachary appeals the Court's conclusion that Plaintiffs' Fourth Amendment claims fail as a matter of law based on the Court of Appeals's opinion regarding the qualified immunity aspect of the case.[1] In other words, although the Court of Appeals did not expressly decide whether the remaining claims should proceed to trial, the Court concluded that, based on the Court of Appeals's qualified immunity opinion, Defendants are entitled to judgment as a matter of law on the remaining claims. Order, June 23, 2010, ECF No. 81. The Court finds that an appeal of this issue is not frivolous. Accordingly, Zachary's Motion for Leave to Appeal In Forma Pauperis (ECF No. 84) is granted.

IT IS SO ORDERED, this 3rd day of August, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Zachary did not state the nature of her appeal in her affidavit as required by 28 U.S.C. § 1915(a)(1). However, the Court is quite familiar with the issues in this case and is satisfied that it understands the nature of Plaintiff's appeal for purposes of determining whether the appeal is frivolous. The Court further notes that the form provided by the Court of Appeals, which Zachary used to draft her affidavit, contains a very small blank space for a litigant to list her issues on appeal. *E.g.*, Zachary Aff. 1. Though the downloadable form contains "fillable" fields where a litigant may type certain information regarding her income and expenses, it does not appear to contain a fillable field where a litigant may, using a word processor, type her issues on appeal. *See* Form, Motion for Permission to Appeal In Forma Pauperis with Affidavit, http://www.ca11.uscourts.gov/documents/pdfs/form4.pdf, last visited July 30, 2010.

4